UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARY KLOEFFLER,

                                        Plaintiff,

v.

ADP TOTALSOURCE, INC., et al.,

                                        Defendants.

Case No.:  26-cv-00406-AGS-GC

**ORDER RESETTING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE AND ISSUING UPDATED GUIDELINES**

On April 3, 2026, this case was transferred to Magistrate Judge Guillermo Cabrera for all further proceedings. (ECF No. 10.) Accordingly, it is hereby ORDERED that the Early Neutral Evaluation ("ENE") of your case will be held by <u>video conference</u>[1] on **May 12, 2026**, at **2:00 p.m.** before Judge Cabrera.[2]  If the case does not settle during the ENE, a Case Management Conference ("CMC") pursuant to Federal Rule of Civil Procedure 16(b) will be held immediately after the ENE.  This Order establishes mandatory guidelines for the parties preparing for the ENE and CMC.  Absent express permission

---

[1]    Mandatory directions for participating in the ENE by video conference are attached.

[2]    The parties may request that the ENE be converted to an in-person conference informally by placing a joint call to chambers or by lodging a joint email to efile_cabrera@casd.uscourts.gov.  Counsel must meet and confer prior to any such request.

1

obtained from this Court, and notwithstanding the pendency of any motion, counsel and all parties shall timely comply with the dates and deadlines in this Order.

1.    **Review of Chambers Rules:** Counsel[3] shall follow the Civil Local Rules for the Southern District of California. Counsel must read Judge Cabrera's Chambers Rules and Rule 26(f) Conference Checklist.  Counsel must also read the Chambers Rules or Standing Order of the assigned District Judge.  This information is accessible via the Court's website at www.casd.uscourts.gov.

2.    **Purpose of the ENE:** The purpose of the ENE is to permit an informal discussion between the parties, their counsel, and the Magistrate Judge of every aspect of the lawsuit to achieve an early resolution of the case.  Counsel and the parties shall come prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions.  All discussions during the ENE are informal, off the record, privileged and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  Counsel should note with particularity the requirement that all parties attend the ENE with full authority to settle the case.

3.    **Required attendance:** Pursuant to Civil Local Rule 16.1(c), all parties (including those indemnified by others), claims adjusters for insured defendants, the principal attorney(s) responsible for the litigation, and non-lawyer representatives with full and unlimited authority to negotiate and enter into a binding settlement must be present and legally and factually prepared to discuss and resolve the case at the ENE.

a.    "Full and unlimited authority" means that the individuals attending the ENE must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and

---

[3]    References to "counsel" or "attorney(s)" include any self-represented party.

authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during a face-to-face conference. *Id.* at 486. A limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

b.      In the case of a legal entity (e.g., a corporation, LLC, partnership, or trust), an authorized representative of the entity (who is not retained outside counsel) must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer, excluding punitive damages. The purpose of this requirement is to have representatives present who can settle the case during the conference without consulting a superior.

c.      A government entity is excused from this requirement so long as the government attorney who attends the ENE conference or settlement conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

d.      The Court will not grant requests to excuse a required party from personally appearing absent exceptional circumstances. If counsel believes there are exceptional circumstances to request that a required party be excused from personally appearing, they must confer with opposing counsel prior to making the request. Such requests may then be made by filing a Joint Motion or, where opposing counsel is unavailable, an *ex parte* request outlining the exceptional circumstances for the request. Any request to excuse a required party from personally appearing must be filed on the docket as a Joint Motion or *ex parte* request at least ten (10) days before the scheduled ENE.

e.      **If any of the required representatives for the parties fail to appear at the ENE/CMC, the Court will issue an Order to Show Cause to determine whether sanctions will be imposed.**

26-cv-00406-AGS-GC

4. **<u>Confidential ENE Statements Required:</u>**

a. No later than **<u>May 5, 2026</u>**, each party shall lodge a confidential ENE statement by email to efile_cabrera@casd.uscourts.gov. The confidential ENE statements shall be five pages or less. Exhibits to confidential ENE statements are not required or recommended. If exhibits are included, confidential ENE statements including exhibits shall be a maximum of twenty-five (25) pages. **Failure to timely lodge the confidential ENE statement may subject the parties to sanctions.**

b. All confidential ENE statements must include:

i. A brief description of the case and the claims asserted;

ii. The party's position on liability and damages with controlling legal authority;

iii. A specific and current demand for settlement addressing all relief or remedies sought, as well as the specific basis for each type of relief. A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is not a specific demand or offer;[4]

iv. A brief description of any previous settlement negotiations or mediation efforts;

v. If any video or audio recording exists of the incident(s) on which plaintiff's claims are predicated, counsel must lodge the video as an exhibit to the ENE statement. The video must be lodged by delivering a USB flash drive to the Court;

vi. In cases alleging violations of any or all of the Song-Beverly Consumer Warranty Act, the Magnuson-Moss Warranty Act, the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Truth in Lending Act, or the Fair Credit Reporting Act in which the plaintiff alleges a claim for statutory

---

[4] If a specific demand for settlement cannot be made at the time the settlement statement is submitted, state the reasons why and explain when the party will be able to state a settlement demand.

26-cv-00406-AGS-GC

attorneys' fees, an itemized billing statement detailing all costs and fees sought by the plaintiff as of the date of the ENE;[5] and

vii. Contact information for each participant, including: (1) the name and title of each participant, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation; (2) an e-mail address for each participant to receive the Zoom video conference invitation; and (3) a telephone number where each participant may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.

5. **Cases Involving a Demand for Attorney's Fees:** Other than in cases identified in Paragraph 4(b)(vi) above, of the Court's Chambers Rules, if a demand is made that includes attorney's fees and/or costs, counsel for the demanding party shall be able to provide, upon request, redacted billing records for opposing counsel's review, as well as an unredacted copy for the Court's *in camera* review.  For cases involving claims identified in Paragraph 4(b)(vi) above, itemized billing statements must be lodged with the ENE statement.

6. **Case Management Conference:** If the case does not settle during the ENE, the Court will immediately proceed with the CMC. The parties are, therefore, ordered to comply with Federal Rule of Civil Procedure 26 as follows:

a. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) no later than **April 21, 2026**;

b. The parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A-D) on or before **May 5, 2026**.  The parties must exchange all

---

[5]  The bill should be attached to the settlement statement as "Exhibit A," and is excluded from the five-page limit.  The bill may be judiciously redacted if necessary to preserve the attorney-client privilege, but only so far as is strictly necessary to preserve the privilege.  Counsel should also be prepared to submit an unredacted version of the bill for *in camera* review at the Court's request.

26-cv-00406-AGS-GC

documents required to be disclosed under Rule 26(a)(1)(A)(ii)-(iv). Providing "a description by category or location" is not sufficient[6];

c.      The parties shall review and follow the Rule 26(f) Conference Checklist for the U.S. District Court for the Southern District of California which can be found at on the Court's website (under the tab earmarking Judge Cabrera's Chambers Rules);

d.      The parties shall file a Joint Discovery Plan pursuant to Rule 26(f) on the CM/ECF system no later than **May 5, 2026**.  The parties should also consult the assigned District Judge's Civil Chambers Rules in drafting their Joint Discovery Plan.

7.      **Requests to Continue an ENE:** Civil Local Rule 16.1(c)(1) requires that the ENE take place within 45 days of the filing of the first Answer.  Any request to continue the ENE shall be made in accordance with the Court's Chambers Rules.

8.      **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel shall give notice of the ENE and CMC and provide a copy of this Order to parties responding to the complaint after the date of this notice.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated:  April 14, 2026

_____
Hon. Guillermo Cabrera
United States Magistrate Judge

---

[6]      The purpose of making these disclosures prior to the ENE is to facilitate settlement discussions by the parties, and the parties may not stipulate around this requirement without leave of Court. If any party wants a protective order in place prior to making initial disclosures, that party must move for a protective order prior to the deadline for making initial disclosures. Not having a protective order in place shall not be good cause for failing to make any initial disclosures.

26-cv-00406-AGS-GC

**<u>Mandatory Directions for Zoom Video Conference Participation</u>**

1.    The Court will use its official ZoomGov video conferencing account to hold the ENE.  **IF YOU ARE UNFAMILIAR WITH ZOOM:**  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[7]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[8]  There is a cost-free option for creating a Zoom account.

2.    Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation.  All participants will be placed in a waiting room until the ENE begins.

3.    Each participant should plan to join the Zoom video conference **at least 5 minutes before** the start of the ENE to ensure that the ENE begins on time.

///

---

[7]    If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[8]    For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

26-cv-00406-AGS-GC

4.      Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE.  That is, the Court will begin the ENE with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[9]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.      All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.

6.      If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only.

///
///
///
///
///
///
///
///
///
///
///
///
///

---

[9]      For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

26-cv-00406-AGS-GC

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

26-cv-00406-AGS-GC